USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1220 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE 1989 23 FT. WELLCRAFT MOTOR VESSEL, ETC., ET AL., Defendants. ______________________ EUSEBIO ESCOBAR-DE-JESUS, Intervenor, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Eusebio Escobar-De-Jesus on brief pro se. ________________________ Guillermo Gil, United States Attorney, Miguel A. Fernandez, ______________ _____________________ Assistant United States Attorney, Chief, Civil Division, and Jose ____ Javier Santos Mimoso, Assistant United States Attorney, on brief for ____________________ appellees. ____________________ SEPTEMBER 30, 1997 ____________________ Per Curiam. We have reviewed the briefs submitted by __________ the parties and the record on appeal. We affirm the judgment of the district court, for the reasons stated in district court's Opinion and Order dated December 12, 1995, and its Opinion and Order dated October 17, 1996. We add only the following. Escobar claims that the seizure of his property violates the eighth amendment prohibition against excessive fines. We do not now decide whether the eighth amendment applies to forfeitures under 21 U.S.C. 881(a)(6), but even if it does, the forfeiture here was not "excessive," given the value of the real property forfeited and the value of the cocaine Escobar conspired to import and/or possess with intent to distribute. Escobar argues the district court erred in failing to issue a writ of habeas corpus ad testificandum to allow him ______________________________ to attend his trial. In its Opinion and Order, the district court did not discuss whether Escobar's presence would substantially further the resolution of the case. Latiolais _________ v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996). Even so, ___________ Escobar did not adequately explain how his presence would have been helpful. In addition, we have reviewed the record and conclude that even if error was committed, it was harmless, since the evidence against Escobar was overwhelming. We have reviewed the remaining issues and conclude as follows. 1) Federal Rule of Criminal Procedure 7 does not require the government to combine criminal prosecutions with forfeiture actions, so Escobar's argument to the contrary is rejected. 2) We find no clear error in the district court's findings of fact, as the findings were supported by the evidence. 3) Escobar's arguments that the filing of this action violated principles of res judicata and collateral estoppel, and that the settlements with third party lienholders violated due process, were not preserved for appeal. 4) His allegations that the government acted improperly with regard to additional property he says is missing is unsupported by the record. 5) While we take no position with regard to the district court's reasoning in fashioning a remedy for the due process violation, we are in agreement with the result. Affirmed. _________ -3-